IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUSTIN WHITE,**

    **Petitioner,**

    v.

**WARDEN, ROSS**
**CORRECTIONAL INSTITUTION**

    **Respondent.**

Case No. 2:14-cv-1905
Judge Sargus
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* ECF No. 1, Respondent's *Return of Writ,* ECF No. 7, Petitioner's *Reply,* ECF No. 8, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On July 25, 2012, a bill of information was filed [in the Muskingum County Court of Common Pleas] charging appellant, Dustin White, with two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04. At the time of the offenses, the victim was 15 years old and appellant was 18 years of age or older.
>
> Appellant pled guilty to the counts on July 25, 2012. By sentencing entry filed August 29, 2012, the trial court sentenced appellant to three years of community control, ninety days of local incarceration included therein, and classified him as a Tier II sexual offender.
>
> Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

1

> I "THE BILL OF INFORMATION WAS STRUCTURALLY INSUFFICIENT UNDER OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS AS IT FAILED TO CONTAIN A NECESSARY ALLEGATION THAT THE OFFENSE IN QUESTION WAS A SEXUALLY ORIENTED OFFENSE FOR PURPOSES OF OHIO REVISED CODE CHAPTER 2950."
>
> II "THE DEFENDANT–APPELLANT'S CONVICTION AND SENTENCE FOR HAVING UNLAWFUL SEXUAL RELATIONS WITH A MINOR AS A FELONY OF THE FOURTH DEGREE AND HIS RESULTING CLASSIFICATION AS A TIER II SEX OFFENDER ARE VOID AS THE INFORMATION FAILED TO ALLEGE THAT APPELLANT WAS FOUR OR MORE YEARS OLDER THAN THE MINOR VICTIM AS REQUIRED BY OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."
>
> III "THE DEFENDANT–APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

*State v. White,* No. CT2012-0046, 2013 WL 2299191, at *1 (Ohio App. 5th Dist. May 22, 2013). The state court of appeals rejected the issues presented on appeal and affirmed the judgment of conviction. *Id*. On October 23, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. White*, 137 Ohio St.3d 1462 (Ohio 2013).[1]

On October 14, 2014, Petitioner filed this action, alleging that he was convicted and classified as a Tier II sexual offender, in violation of both state law and the United States Constitution, because the bill of information failed to allege that he was four or more years older than the minor victim as required by Ohio law. Respondent contends that Petitioner's claim does not warrant federal habeas corpus relief and has been waived by virtue of Petitioner's guilty plea.

---

[1] On February 25, 2013, Petitioner plead guilty to violating the terms of his community control. ECF 7-1, PageID# 166. The trial court imposed an aggregate term of eleven months incarceration. PageID# 168. On November 5, 2013, the trial court denied Petitioner's *Motion for Judicial Release*. PageID# 175.

The crux of Petitioner's claim presents a claim of alleged violation of state law, which offers no basis for federal habeas corpus relief.  The Ohio appellate court rejected this claim, reasoning, "The bill of information set forth all of the elements of the offenses, specifically referenced  R.C. 2907.04, and included sufficient information to determine the ages of the parties involved." *State v. White,* No. CT2012-0046, 2013 WL 2299191, at *2. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Further, to the extent that Petitioner alleges that the charging document was constitutionally inadequate, this claim has been waived by virtue of Petitioner's guilty plea.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson,* 411 U.S. 258, 267 (1973).  Thus, Petitioner waived his right to challenge any defect in the bill of information.  *Id. See also Burrows v. Engle*, 545 F.2d 552, 553 (6th Cir.

3

1976) (guilty plea precluded petitioner from raising a claim based on "allegations of technical defects in the indictment").  See also *Myers v. Warden*, No. 1:10-cv-343, 2011 WL 7039933, at *13-14 (S.D. Ohio Aug. 9, 2011)(allegation that indictment was fatally defective because it failed to include the *mens rea* of the offense foreclosed by the petitioner's guilty plea); *Canon v. Walton*, No. 1:08-cv-612, 2010 WL 1253484 (S.D. Ohio March 4, 2010)(claim that petitioner was not adequately informed of the charges against him waived by entry of guilty plea)(citing *Burrows v. Engle*, 545 F.2d at 553).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                   *s/ Norah McCann King*  
                                                   Norah McCann King  
                                                   United States Magistrate Judge  
                                                   September 28, 2015